IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Case No. 18 CR 503-1 |
| | ) | |
| SEDRICK BODY | ) | |

### MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Last year, the Court sentenced Sedrick Body to a forty-two month prison term after he pled guilty to a charge of conspiracy to distribute heroin and crack cocaine. The record reflects that Body, who at the time of sentencing was forty-eight years old, operated a relatively small but well-organized retail narcotics business that included a stash house and regular distribution to customers. The advisory range under the Sentencing Guidelines was seventy-eight to ninety-seven months. The Court imposed a sentence of a little more than half of the low end of the range, due largely to Body's medical condition, which includes diabetes, an inactive thyroid, a tracheostomy that was a result of an earlier bout with thyroid cancer, gout, severe arthritis, and high cholesterol.

Body's case and his sentencing were delayed on multiple occasions at his request, largely due to his health. Then after the Court sentenced him, his date to self-report to prison—another accommodation the Court extended to him due mainly to his medical condition—was delayed, again at his request. Body reported to prison on January 28, 2020, about four months ago. He is serving his sentence at FCI Terre Haute.

Body has filed a motion for early release under 18 U.S.C. § 3582(c)(1)(A). He cites his medical conditions and the risks posed by the coronavirus. As of last week, there are—for the first time—confirmed cases of coronavirus at FCI Terre Haute. It is undisputed that due to his medical conditions, Body is in the category of persons at an increased risk of severe illness should he contract the virus.

Body's motion is made under section 603(b) of the First Step Act, which amended 18 U.S.C. § 3582(c)(1)(A) to provide a greater role for courts in determining whether to reduce a defendant's sentence based on "extraordinary and compelling reasons" warranting a reduction. As amended, and as applicable here, the statute provides that

> [t]he court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Body had not satisfied the administrative exhaustion requirement when he

2

initially filed and then refiled his motion, but he has now. Specifically, he made a request to the prison warden for early release on April 1, 2020, and more than thirty days have passed without action.

Second, there are "extraordinary and compelling reasons" that permit a sentence reduction. The coronavirus outbreak (and the virus's confirmed presence at FCI Terre Haute) and the risks the virus poses to Body due to his medical condition—in particular, his diabetes, but also his generally very poor health—certainly qualify. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited May 27, 2020).

Third, a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." The policy statements issued by the Sentencing Commission even before the passage of the First Step Act included an open-ended provision broad enough to cover the circumstances argued by Body. *See* U.S.S.G. § 1B1.13, app. note 1(D). *See, e.g., United States v. Reyes*, No. 04 CR 970, 2020 WL 1663129, at *2 (N.D. Ill. Apr. 3, 2020) (Leinenweber, J.).

Finally, section 3582(c)(1)(A) requires the Court to consider the factors regarding imposition of an appropriate sentence set forth in 18 U.S.C. § 3553(a). These include Body's history and characteristics; the nature and circumstances of the crimes; due consideration of the seriousness of the crimes; promoting respect for the law; providing just punishment; affording adequate deterrence; protecting the public from further crimes by Body; and providing him with any necessary services and treatment.

This is where it gets difficult. The Court can say, unequivocally, that the amount of time served to date by Body does not adequately account for the seriousness of his

3

offense. He is essentially a lifelong, unrepentant drug dealer who has peddled dangerous substances that have no doubt caused significant harm to their users as well as ripple effects harming the communities where they (and he) have lived. If the seriousness of the crime were the sole question, the Court would have no hesitation in summarily denying Body's motion.

But it is not the sole question. Even though the Court already took Body's medical condition into account and gave him a significant break on his sentence, matters have changed significantly. Body is now potentially exposed to a severe infectious disease, the spread of which likely is increased in a prison environment. If he remains incarcerated, he may avoid contracting the coronavirus, and if he contracts it, it is certainly possible that he will come through it all right. But there is a very significant risk that the opposite will happen. It was not and is not the Court's intention, in imprisoning Body, to send him to his death or put him at a daily risk of serious bodily harm. That, however, is the reality that Body is facing today. Requiring him to be subjected to this severe risk for an extended period does not amount to just punishment, nor does it, in the Court's view, promote respect for the law.

As a condition of reducing Body's prison term, however, the Court will add a supervised release condition of twelve months of home detention with location monitoring. In other words, Body's liberty will continue to be restricted in a significant way for the next twelve months. And more broadly, he will be on supervised release, under the supervision of a probation officer, for three years. Body is getting a very significant additional break now. But during his supervised release, the Court will not hesitate to reincarcerate him should he violate the conditions of his release.

## Conclusion

For the reasons stated, the Court grants defendant Sedrick Body's amended motion for compassionate release [284] and terminates all other pending motions [283] [286]. The Court reduces the defendant's prison sentence to time served, subject to the completion of any quarantine period he may be currently under at FCI Terre Haute. The sentence reduction is conditioned upon a modification of the terms of the defendant's supervised release to add a requirement that the defendant serve the first twelve months of his supervised release on home detention. Compliance with this condition shall be monitored by a form of location monitoring technology selected at the discretion of the probation officer, and the defendant shall abide by all technology requirements. The Clerk will prepare an amended judgment and commitment order.

Date: May 27, 2020

_____
MATTHEW F. KENNELLY
United States District Judge